UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER ALSOP,

          Movant,

    v.                                   CR-1-98-108-01
                                            C-1-01-732

UNITED STATES OF AMERICA,

          Respondent.

## ORDER

This matter is before the Court upon Movant Christopher Alsop's   Motion for Modification of Sentence and/or Vacation of Conviction Pursuant to 28 U.S.C. § 2255 (doc. no. 121), Motion to Amend (doc. no. 123), and a Traverse in Reply to United States' Response (doc. no. 126).  The United States filed Government's  Response (doc. no. 125) and attached copies of the Appellate briefs filed on behalf of both parties.  The motion to amend is GRANTED.

In an Indictment filed October 21, 1998, Christopher Alsop was charged in four counts.

Count One charges:

> Beginning from on or about late 1989, the exact date being unknown to the grand jury, and continuing up to and including the date of this Indictment, in the Southern District of Ohio and elsewhere, the defendants . . . did knowingly and willfully, intentionally, and unlawfully combine, conspire, confederate and agree, and have a tacit understanding with each other, to commit offenses against the United States, to wit:  to knowingly, willfully, intentionally, and unlawfully distribute and possess with intent to distribute cocaine and cocaine base (crack),  Schedule II Controlled Substances, in violation of  21 U. S. C. § 846 & §§ 841(a)(1) and (b)(1)(A)

Count Two charges:

> On or about September 2, 1998, in the Southern District of Ohio, the
> defendant, Christopher Alsop, the defendant herein, did knowingly, willfully,
> intentionally, and unlawfully distribute a Schedule II controlled substance, to
> wit: in excess of fifty (50) grams of cocaine base (crack). In violation of 21
> U.S.C. § 846 & §§ 841(a)(1) and (b)(1)(A)(iii).

Count Three charges:

> On or about September 8, 1998, in the Southern District of Ohio, the
> defendant, Christopher Alsop, the defendant herein, did knowingly, willfully,
> intentionally, and unlawfully distribute a Schedule II controlled substance, to
> wit: in excess of fifty (50) grams of cocaine base (crack). In violation of 21
> U.S.C. § 846 & §§ 841(a)(1) and (b)(1)(A)(iii).

Count Four charges:

> On or about September 22, 1998, in the Southern District of Ohio, the
> defendant, Christopher Alsop, the defendant . . . herein, did knowingly,
> willfully, intentionally, and unlawfully distribute a Schedule II controlled
> substance, to wit: in excess of five (5) grams of cocaine base (crack). In
> violation of 21 U.S.C. § 846 & §§ 841(a)(1) and (b)(1)(B)(iii).

Movant entered pleas of Not Guilty to all counts. Motions were filed. The Government

noticed its intention to seek enhanced penalties based on Movant's prior felony convictions

(doc. no. 47).

Mr. Alsop proceeded to a jury trial which lasted seven days. On March 18, 1999, the

jury returned a general verdict of guilty on Counts I through IV. During trial, numerous

witnesses testified to the defendant's involvement in the conspiracy. Sales of crack cocaine

by Movant to a cooperating witness were arranged by recorded telephone calls and tape-

recorded. A meeting was arranged by recorded telephone calls and tape recorded in which

another cooperating witness paid $3,500.00 to Movant for a prior drug debt. There were

surveillance tapes of meetings with the Movant and controlled buys before which the

confidential informant's car was searched to make sure no contraband came from the Movant.

A Presentence Report was prepared.  It reflected Objections made by the Movant to recommendations in the Report.  A sentencing hearing was held on August 3, 1999.  On August 3, 1999, the Court sentenced Alsop to 360 months incarceration followed by a term of supervised release of ten years on each of Counts I, II, III, and IV to run concurrently.  Judgment was entered and a notice of appeal filed.

On appeal, Movant raised six issues on appeal: (1) that the trial court erred in admitting tape recordings he claimed were inaudible;  (2) that the Government violated his Fifth Amendment right to a fair trial by using excluded transcripts of admitted audio tapes to ask leading questions of its witnesses about the contents of the tapes; (3) that a government witness's  reference to his prior incarceration deprived him of a fundamentally fair trial; (4) that tape-recordings admitted at trial contained inadmissible hearsay; (5) that he received ineffective assistance of counsel because his counsel did not impeach or cross-examine two key witnesses on the contents of the government's  exhibit; and (6) the district court erred in denying his motion for acquittal and motion for new trial based upon the insufficiency of the evidence.  The United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence. *United States v. Alsop*, 12 Fed. Appx. 253, 2001 WL 391967 (6th Cir.(Ohio)).

## Generally Applicable Law

To obtain relief under 28 U.S.C.§ 2255, a defendant must establish the denial of a substantial right or a defect that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630(6th Cir. 1990)(*per curiam).* Relief is available when "a sentence is imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . ." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)(quoting 28 U.S.C. § 2255). Apart from constitutional error, the question is 'whether the claimed error qualifies as "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994)(quoting *Hill v. United States*, 368 U.S. 424 (1962)). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

## § 2255 Claims

Movant claims that his conviction and imprisonment violate the due process clause of the Fifth, Sixth, and Fourteenth Amendments which guarantee a criminal defendant the right to a fair trial and effective representation of counsel at both trial and appellate stages of a prosecution. He raises three grounds:

I. Prosecutor Violated Petitioner's Right to Due Process When He Failed to Correct Known Perjured Testimony of the Government's Star Witness;

II. The Trial Court Committed Plain Error in Failing to Instruct the Jury to Disregard Any Clearly Inadmissable and Perjured Evidence;

III. Petitioner Was Denied Effective Assistance of Counsel During Trial And On Appeal.

> (A) Trial counsel failed to correct the government's star witness' perjured testimony;
> (B) Trial counsel failed to request a limiting instruction to clearly inadmissible prejudicial evidence;
> ( C) Appellate counsel Failed to Argue or Show "Prejudice" to Satisfy the Second Half of *Strickland v. Washington*;
> (D) Appellate Counsel Failed to Raise That the District Court Committed Plain Error in it's Failure to Give Instruction; and Trial Counsel Was Ineffective in His Failure to request instruction to the Inadmissible Post-Arrest Statement;
> (E) Appellate Counsel Failed to Raise That Prosecutor Failed to Correct Perjured Testimony and Violated Defendant's Due Process Rights.

In Ground One, Movant argues that the testimony of government witness Parker was false, the prosecution knew the testimony was false, and the testimony was material to the defense. According to *Napue v. Illinois*, 360 U.S. 264, 269 (1959), he argues, the grant of a new trial is appropriate because it is established that a conviction obtained through use of false evidence, known to be such by representatives of the States, must fall under the Fourteenth Amendment and the same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears. *Id.* Additionally the knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir.1989).

The Government argues Movant is procedurally barred from raising Ground I because the claim was raised on direct appeal. In his traverse, Movant argues that the claim was not raised and considered by the appellate court.

In *DuPont v. United States* , 76 F.3d 108, 111 (6 [th] Cir.1996), the court found that the district court properly denied the petition "[b]ecause the claim asserted in DuPont' s habeas corpus petition is substantially identical to one of the issues that DuPont presented in his direct appeal following his conviction, and because no exceptional circumstances exist in this action." A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances. 76 F.3d at 110(quoting *United States v. Brown*, 62 F.3d 1418(6th Cir.)(unpublished), *cert.denied,* 516 U.S. 942 (1995).

The Court finds that it is not clear from the opinion issued by the United States Court of Appeals for the Sixth Circuit that it analyzed the substantially identical issue raised in Ground I. Movant may, therefore, raise it for the first time on collateral review only upon a showing of cause and actual prejudice.

In *United States v. Frady,* 456 U.S. 152, 167 (1982), the United States Supreme Court determined the proper standard for a § 2255 motion is the "cause and actual prejudice standard" enunciated in *Davis v. United States*, 411 U.S. 233 (1973).

> Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

6

*Frady*, 456 at 167-68.  It reaffirmed the formulation which requires that the degree of prejudice resulting from instruction error be evaluated in the total context of the events at trial. *Frady*, 456 at 169.  The Movant must "shoulder  the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Frady*, 456 at 170.

An error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently resulted in a complete miscarriage of justice. *Hill v. United States*, 368 U.S. 424, 428 (1962).

The Court finds that Movant has failed to establish the requisite cause and actual prejudice because the evidence of guilt presented against him at trial was overwhelming.   The alleged inconsistency in Parker's  testimony was not the only evidence connecting the Movant to the conspiracy.  There is no  reasonable likelihood that the alleged inconsistent testimony of this witness affected the outcome of the trial or made the result unreliable.  The Court of Appeals found that Movant's  counsel vigorously cross-examined the government witnesses and that his performance did not prejudice the petitioner or render the trial unfair or unreliable.  The Court of Appeals affirmed Movant's conviction.  This Court agrees.

Regarding Ground II, the Government argues that Movant is procedurally barred from raising his second ground because it was raised on direct appeal.   This Court agrees.

The Court finds that this issue was addressed by the United States Court of Appeals for the Sixth Circuit.  The Court of Appeals stated:

7

During the testimony of two Government witnesses, tape recordings of telephone conversations and meetings with defendant were admitted and played for the jury. The tapes were properly authenticated by witnesses and the police officers who made them. The Government, using transcripts of the audio tapes, asked witnesses to explain certain portions of the conversations heard by the jury. We find no plain error.

Regarding Ground III(A) and III(B), the Government argues Movant is procedurally barred from raising these claims because they were raised on direct appeal. This Court agrees.

The Court finds that the Court of Appeals addressed these issues in its opinion and found trial counsel's performance to be competent.

Regarding the claim of ineffectiveness of appellate counsel in grounds III(C), III(D) and III(E), the Government correctly points out that the direct appeal brief is replete with allegations that trial counsel's lack of performance was prejudicial.

The court in *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir.2004) explained:

McFarland must show that her appellate counsel's failure to raise the ineffectiveness of trial counsel rose to the level of a constitutional violation under *Strickland v. Washington* (citation omitted). According to *Strickland*, a defendant's Sixth Amendment rights are violated  if (1) the defendant's attorney commits an error "so  serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.*at 687, and (2) counsel's deficiency so prejudiced the defense that, but for counsel's  performance, the result of the proceeding would have been different, *id.* At 694. Counsel's  failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *See Greer v.Mitchell*, 264 F.3d 663, 676 (6th Cir.2001), *cert.denied*  535 U.S. 940 (2002).

The Court finds that it is true that, in this specific argument, Appellate counsel only alleged that trial counsel's performance prejudiced Mr. Alsop's defense under the standard set forth in *Strickland*. (Appellate Brief, pp.50-51) The Court agrees with the Government, however, that the argument that trial counsel's performance prejudiced Movant permeates the appellate brief. It was sufficient that appellate counsel referred to the standard in this section of the brief.

The Court finds that there is no reasonable probability that, had Appellate counsel included the arguments raised by Movant, the result of the appeal would have been changed.

Regarding Ground III (D), the Government argues Movant is procedurally barred from raising this claim because the claim was raised on direct appeal.

To establish the ineffective assistance of appellate counsel, it must be shown that counsel's performance was deficient and that the deficient performance was prejudicial. *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir.1993)(citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

As noted by the Court of Appeals, "[w]here defense counsel did not raise possible objections, it could be attributed to reasonable trial strategy."*Alsop,* 12 Fed.Appx. at 260.

The Court finds that Appellate counsel did raise these issues on appeal. The Court of Appeals addressed these issues. The findings of the Court make it perfectly clear that none of these issues would have succeeded or resulted in a reversal of his case.

As explained in this Order, appellate counsel and trial counsel were not ineffective. None of the issues raised by the Movant are meritorious. The conduct of counsel did not fall below the norm required of competent appellate and trial counsel.

## CONCLUSION AND DENIAL OF MOTION

Movant has not established the denial of a substantial right or a fundamental defect in the proceedings. Nothing in the entire record suggests that he was denied due process. Movant's Motion for Vacation of Sentence (doc. nos. 121) is hereby **DENIED**.

Movant requests an evidentiary hearing on each issue. Where a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, no hearing of any kind is required. 28 U.S.C. § 2255; *Green v. United States*, 65 F.3d 546, 548 (6th Cir.1995),*cert. denied,* 516 U.S. 1098 (1996). And where, as in the case at bar, an answer to the motion has been filed, it is up to the district judge to determine whether an evidentiary hearing is required. *Id.; See Rule 8(a), Rules Governing 2255 Proceedings in the United States District Courts.* The Court determines no hearing is necessary to determine the issues raised.

A certificate of appealability shall not issue in this case because Mr. Alsop failed pursuant to the foregoing to establish the denial of a substantial right, a defect in the process that is inconsistent with the rudimentary demands of fair procedure, that the Court was without jurisdiction to impose his sentence or that his sentence was in excess of the maximum authorized by law. *See Rule 22 of The Federal Rules of Appellate Procedure; Sims v. United States,* 244 F.3d 509 (6th Cir. 2001).

**IT IS SO ORDERED.**

Herman J. Weber, Senior Judge
United States District Court

J:\DOCUMENT\2255\alsop2nddraft-eeb.wpd